Judge Nicholas
delivered the Opinion of the Court.
Joseph Winlock, as the guardian of William Winlock, obtained a decree from the Green circuit court, for the sale of bis interest in a tract of land, and gave a bond, with George Winlock, conditioned as the act authorizing the sale of the real estate of infants, requires. At the sale, George Winlock became the purchaser of the infant Winlock’s interest in the land, and paid the purchase money to Joseph Winlock, who never having accounted therefor with the infant or the court, and dying intestate and insolvent, and ,¡o administration having been taken on his estate, William Winlock filed this bill against his heirs and George Winlock, as his surety, praying the court to compel them to account' for the proceeds of sale, and that the same might be paid over to him.
To this bill George Winlock demurred, and the court sustained his demurrer, and dismissed the bill.
We think the court had jurisdiction of the case, and that the complainant was entitled to the relief prayed.
The act of 1813, 2 Dig. 667, requires the guardian making the sale to make report of his proceedings, and says the .court shall have power to order and decree the proceeds of sale to be disposed of in such manner as may seem most for the interest and welfare of the infant, and at any time to require from the guardian a settlement of his accounts. The act also requires that the bond with surety to be given by the legal guardian before the sale is decreed, shall he conditioned for the guardian’s faithfully discharging all the duties imposed upon him by the- *383 •act, or by any order or decree of the court in pursuance thereof.
We think it is sufficiently manifest from these provisions, that it was the intention of the legislature, that the proceeds of these sales were not to go into the hands of the- ordinary guardian, to be used and disposed of by him, as the ordinary funds of the infant, but were to be kept separate and apart, and subject to appropriation exclusively under the order of the circuit court, granting the order of sale. As no such order ever was made in this case, the obtention of it would alone afford abundant reason for the complainant’s resort to the chancellor for the relief which he seeks. And as no rightful disposition could be made of the proceeds of sale without such order, it is equally clear, that George Winlock is liable for a compliance with such order, when made. He no doubt exempted himself from liability as purchaser, by paying the purchase money to the guardian ; but that could not save or in any way effect his responsibility as the guardian’s surety, in the bond given before obtaining the order of sale, and there can be no mode of subjecting him to that responsibility, more appropriate than hy a decree in this suit.
If, therefore, on the return of the cause, no satisfactory reason be shewn to the contrary, the court should make an order upon the heirs of Joseph Winlock to pay, by a convenient day, to the complainant, the amount paid by George to Joseph Winlock, with interest, and on their failure to comply, a joint decree therefor should be rendered against them and George Win-lock.
The decree must be reversed, with costs, and cause remanded, with directions to overrule the demurrer to the bill, and for further proceedings consistent herewith.